IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES LEROY LINDERMAN )
) No. 17-1493
)
v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental security income benefits. He alleged disability due to mental and physical impairments, including back problems and anxiety. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.       STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II.     **THE PARTIES' MOTIONS**

### A. Medical Opinion Evidence

Plaintiff argues that the ALJ erred in affording little weight to the opinions of treating physician Dr. Belluso, and treating psychiatrist Dr. Singerman, and instead relied on the opinion of a a non-examining psychologist.

As the Court of Appeals for the Third Circuit has explained:

> A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'… However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. … Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r. of Social Sec., 403 Fed. Appx. 679, 686 (3d Cir. 2010) (citations omitted).

Moreover, although Section 404.1527(c) identifies a framework for considering treating sources, it does not require an ALJ to specifically address or list each factor set forth therein. Laverde v. Colvin, No. 14-1242, 2015 U.S. Dist. LEXIS 125808, at *6, n. 3 (W.D. Pa. Sept. 21, 2015). Instead, the ALJ need only adequately explain her evaluation of the medical evidence in such a manner so as to allow the court "to conduct meaningful review" and satisfy the court that "she adhered to the standards of § 404.1527(c)...." Id. Additionally, it is well-established that State agency opinions merit significant consideration. Rae v. Berryhill, No. 17-967, 2018 U.S. Dist. LEXIS 127112, at *14 (W.D. Pa. July 30, 2018).

Furthermore, an ALJ may assign less weight to a treating physician's opinion when it is set forth in a check-box form, and does not provide supporting reasons. Merritt v. Berryhill, No. 17-808, 2018 U.S. Dist. LEXIS 35115, at **29-30 (E.D. Pa. Mar. 5, 2018).

"Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Id. (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). "In addition, our court of appeals instructs us when a treating source's notes, analyzed as a whole, contradict the treating source's opinion on a claimant's ability to work, the ALJ 'may properly rely on those notes in determining the opinion is entitled to little or no weight.'" Id.

Here, with respect to Dr. Belluso, the ALJ afforded his opinions little weight. The ALJ noted that Dr. Belluso checked a box indicating permanent disability, but provided no explanation other than a list of diagnoses. Further, the ALJ stated that Dr. Belluso's opinions regarding Plaintiff's limitations are not consistent with treatment notes, which showed Plaintiff able to perform functional activities. The limitations to which Dr. Belluso opined, therefore, appeared to be based on Plaintiff's subjective complaints. The ALJ also afforded Dr. Singerman's opinions little weight, finding them inconsistent with other evidence of record, including normal findings on mental status examinations and Plaintiff's activities of daily living. The ALJ was entitled to assign lesser weight to the opinions of Drs. Belluso and Singerman for these reasons, and offered sufficient explanation for why he did so. As regards the agency consultant, the ALJ afforded Dr. Rings' opinion "partial weight," and explained which portion of her opinion was accepted, and which was not, and why. Whether the treating physicians' opinions find support elsewhere in the record is not for me to assess under the limited scope of review applicable here. I find no error in the ALJ's treatment of these medical opinions.

### B. Residual Funcional Capacity

Relatedly, Plaintiff asserts that the ALJ improperly failed to cite to specific evidence supporting the residual functional capacity ("RFC") of light work, and thus must have interpreted raw medical data in forming the RFC. It is true that within this Circuit, there are varying

approaches to the medical support required for an RFC. Nevertheless, "once the ALJ has made this [RFC] determination, our review of the ALJ's assessment of the plaintiff's RFC is deferential, and that RFC assessment will not be set aside if it is supported by substantial evidence." Black v. Berryhill, No. 16-1768, 2018 U.S. Dist. LEXIS 149181, at *10 (M.D. Pa. Apr. 13, 2018). There is no requirement that the ALJ draw specific lines between the evidence recited and the exertional provisions of the RFC, or perform a function-by-function analysis. "Specific, affirmative medical evidence as to each requirement of an exertional work level is not required for the ALJ to determine Plaintiff's RFC within that work category." Argyle v. Astrue, No. 10-947, 2012 U.S. Dist. LEXIS 138531, at *17 (D. Utah Sep. 25, 2012). The ALJ carefully and thoroughly discussed the entire record before him, and did not err, as Plaintiff urges, in his RFC determination.

### C. Credibility

Plaintiff further argues that the ALJ failed to properly evaluate his subjective complaints. "[W]here credibility is at stake, courts should be reluctant to overturn an ALJ's determination, especially given that only the ALJ had the opportunity to hear live testimony." Washington v. Barnhart, No. 04-1137, 2005 U.S. Dist. LEXIS 4835, at *24-25 (E.D. Pa. Mar. 25, 2005). Thus, an ALJ's credibility determinations are entitled to great deference, where he has adequately explained his reasons for his determination. Id. at *25.

> Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Thus, an ALJ need not fully credit a complainant's testimony about his pain; he must, instead, "take care to address such evidence in the course of his findings." More specifically, "[i]n order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." If the ALJ concludes that pain complaints are not credible, "the basis for such a conclusion must be indicated in his or her decision."

5

Bottenfield v. Astrue, No. 12-06, 2013 U.S. Dist. LEXIS 489, at *6 (W.D. Pa. Jan. 3, 2013) (citations omitted).

In this case, the ALJ considered Plaintiff's testimony and determined that it was not entirely consistent with the evidence of record. The ALJ specified the grounds for this determination. For example, he addressed Plaintiff's assertion that he cannot sit for more than fifteen minutes without leg pain, compared with normal gait, stance, and neurological findings. This approach is appropriate, and the Court cannot find that the ALJ's credibility assessment is without the support of substantial evidence.

### D. Vocational Expert

Finally, Plaintiff contends that the ALJ relied on flawed vocational expert ("VE") testimony, because the ALJ's hypothetical to the VE did not reflect all of Plaintiff's impairments. Given the lack of error in the ALJ's treatment of the medical evidence, there is likewise no error in the limitations included in the hypothetical posed to the VE. More specifically, Plaintiff contends that the ALJ failed to incorporate in the hypothetical to the VE his findings of moderate difficulties in concentration, persistence, and pace. The hypothetical, however, contained a limitation to simple, routine tasks and no more than simple work-related decisions. In a non-precedential opinion, a panel of our Court of Appeals has found that a limitation to "simple, routine tasks" adequately accounted for moderate difficulties in concentration, persistence, and pace. McDonald v. Astrue, 293 F. App'x 941, 946 (3d Cir. 2008). Other courts have followed suit. Wilkinson v. Berryhill, No. 17-167, 2018 U.S. Dist. LEXIS 126654, at *8 (W.D. Pa. July 30, 2018) Alicea v. Comm'r of Soc. Sec., No. 13-7302, 2014 U.S. Dist. LEXIS 170264, at *25 (D.N.J. Dec. 8, 2014). The hypothetical to the VE properly accounted for the limitations that the ALJ found credible.

## CONCLUSION

In conclusion, the Court cannot find that the ALJ's decision is unsupported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: December 14, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES LEROY LINDERMAN  )
                                              ) No. 17-1493
                                              )
   v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this _____ day of November, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

                                            BY THE COURT:

                                            _____

                                            Donetta W. Ambrose

                                            Senior Judge, U.S. District Court